Homer H. and Agnes Germain v. Commissioner.
Homer H. & Germain v. Commissioner
Docket No. 26319.
United States Tax Court
1952 Tax Ct. Memo LEXIS 296; 11 T.C.M. (CCH) 226; T.C.M. (RIA) 52063; March 11, 1952
*296 Malcolm E. Rosser, Esq., for the petitioners. W. B. Riley, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax of $136.50 against the petitioners for the year 1948. The petitioner filed sets forth two errors, as follows: 1. The disallowance of a deduction claimed as travel expenses in the amount of $954. 2. The determination of the deficiency against petitioners upon the basis of a joint return of the combined income of the marital community. [The Facts] The proceeding was heard at Muskogee, Oklahoma, on May 7, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding. No exception has been taken by either party to the Commissioner's findings and, upon examination, we approve and hereby adopt such findings and include the same herein by reference as our findings of fact. The petitioners are husband and wife and residents of Muskogee, *297 Oklahoma. The return for the taxable year was filed with the collector of internal revenue for the district of Oklahoma. Upon the proceeding being called for hearing on May 7, 1951, at Muskogee, Oklahoma, the parties appeared by counsel and the petitioner Agnes Germain in person, and the petitioners announced, through counsel, that they were ready for trial. Thereupon the petitioner Agnes Germain took the witness stand and upon questioning by her counsel it developed that she had no personal knowledge of the expenditures by her husband for which claim is made; that her husband had merely told of the expenditures and their amounts. Thereupon counsel for the respondent objected to the testimony of this witness as hearsay, and the objection was sustained by the Commissioner. No exception to this ruling was taken by counsel for the petitioners, such counsel stating that he agreed that the evidence was not competent, but that he wished to move for a continuance of the hearing to give opportunity to secure the testimony of the petitioner, Homer H. Germain, who was somewhere on the West Coast working for a theatrical company. The motion for continuance was denied by the Commissioner, whose *298 action is here assigned as error by the petitioners. [Opinion] It appears that the petition in this proceeding was filed more than 12 months prior to the hearing and that the petitioners had due notice of the time and place of the hearing and had ample opportunity prior to that time to obtain the testimony, the necessity for which bases the request for continuance. The action of the Commissioner in denying the motion for continuance was justified and is hereby approved. The hearing of the proceeding was thereupon closed without the introduction of additional evidence. The record does not contain a copy of the return filed or the schedule attached to the deficiency notice. The burden rests upon the petitioners to establish their right to the deduction of the amount claimed or that the determination by respondent was incorrect. Welch v. Helvering, 290 U.S. 111; Burnet v. Houston, 283 U.S. 223. There being absolutely no evidence in the record as to the amount of the expenditures claimed as travel expenses or their actual character, the respondent's action in his disallowance is sustained. As to the second assignment of error, upon the determination *299 of the deficiency upon the basis of a joint return, it need only be said that we have no information as to the character of the return filed, whether joint or separate. The action of the respondent in his determination of the deficiency upon the joint basis is not shown to be in error and is approved. At the conclusion of the hearing of the proceeding, respondent's counsel moved for judgment and was advised by the Commissioner that the latter had no right to render judgment but would report the motion as made. This motion has been put in writing by counsel for respondent and filed in the record. The motion is well taken and is granted. Decision will be entered for the respondent.